STATE *EX REL.* BARTLESS v. BEAUFORT.

1. THE REPEAL OF A STATUTE BY IMPLICATION is not favored, and will not be so declared unless the implication be necessary.
2. STATUTES—REPEAL—GENERAL STATUTES OF 1872.—The town of Beaufort was chartered in 1816 with a limited power of taxation, and this charter

was renewed from time to time until 1850, when it was renewed, with other charters, in one act, which gave to this town enlarged powers of taxation. In 1866, this charter was renewed with all its former powers. In 1869, a commission was appointed to revise and codify the statute law of the State, with directions to omit "redundant and obsolete enactments." Their report was adopted in the form of the General Statutes of 1872, which contained a chapter giving a list of acts declared to be "expired" or "before repealed," or "now repealed," and the act of 1850 was embraced in this list. And in 1879, the charter of this town, with its amendments, was continued for fourteen years. *Held,* that the enlarged power of taxation given by the act of 1850 was incorporated in the act of 1866, and, therefore, was regarded as a redundant statute by the General Statutes of 1872, which did not repeal the act of 1866.

3. IBID.—IBID.—IBID.—As the act of 1850 repeals all former charters of Beaufort, and the General Statutes of 1872 provides that no repeal thereby effected shall operate to revive any statute before repealed, the effect of holding the act of 1850 to have been repealed would deprive the town of Beaufort of all powers of taxation—a result which inclines the court to declare a different intention, the contrary not being plainly required by the terms used.

4. IBID.—AMENDMENTS—TAXATION.—When a town was authorized to make assessments *ad valorem* upon all lots and houses to the amount of one-fourth of one per cent. of their value, and an amended charter authorized such assessments on the inhabitants or property holders as shall appear expedient to the town council, the amended charter gave to this town powers of taxation at their discretion, unlimited in amount or rate, but now restrained by the Constitution to corporate purposes.

5. MUNICIPAL CORPORATION—ASSESSMENTS—TAXES.—The constitutional provision (art. IX., § 9), requiring the General Assembly to restrict a town's powers of taxation, would seem to refer to the subjects and objects of a tax ; but such assessment as shall appear to a town council to be expedient for the safety, convenience, &c., of the town does not give powers of taxation unlimited as to rate or amount.

6. APPEALS—CIRCUIT JUDGMENT—OTHER GROUNDS.—This court may sustain the judgment of the court below upon other reasoning than that employed in the Circuit judgment, but it is at least doubtful whether it can render an original and independent judgment upon a question not raised on Circuit.

7. MUNICIPAL CORPORATION—TAXATION—EXEMPTIONS.—The constitutional requirement, that all property within the limits of a municipal corporation shall be taxed for the payment of its debts (art. IX., § 8), seems to prohibit exemptions only so far as the tax is levied for the payment of debts. But, anyhow, a taxpayer cannot object to a tax ordinance exempting $100 worth

of household furniture from taxation, when it is not shown that he is prejudiced by the exemption because of a consequent increase of rate on other property.

Before ALDRICH, J., Beaufort, May, 1892.

This was a proceeding in prohibition before the Circuit Judge at his chambers in the name of the State *ex relatione* W. F. Bartless and A. F. Odell against the town council of Beaufort, commenced by petition and rule to show cause on May 22, 1892.

*Mr. W. J. Verdier*, for appellant.

*Messrs. Elliott & Townsend*, contra.

March 31, 1893.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   This was an application for a writ of prohibition to restrain the town council of Beaufort from levying and collecting a tax of twelve and one-half mills on every dollar of the assessed value of the real estate of relators, situate in the town of Beaufort, which the said council had undertaken to impose by an ordinance ratified on the 7th of March, 1892.   The ground upon which the writ was asked for is that by the charter of the said town the town council have no power to impose any tax upon real estate in excess of the rate of one-fourth of one per cent. of the value thereof.   So that the only question raised by the pleadings, and the only question considered and determined by the Circuit Court, is whether said town council has been invested with the power to levy a tax in excess of the said rate of one-fourth of one per cent.

It appears that by the act of 1816 (8 Stat., 276), the town council of Beaufort was authorized to "make assessments *ad valorem* upon all the lots and houses in the town; *provided*, that no such assessment shall exceed the amount of one-fourth of one per cent. on the value thereof;" and that from time to time the town was rechartered, "with all the powers and privileges heretofore granted."   But it is not necessary here to specify these various acts until we come down to the act of 1850 (12 Stat., 10), when by the 20th section of "an act to incorporate

certain societies and companies, and to revive and amend certain charters heretofore granted," it was enacted as follows: "That the town council of Beaufort shall have power to make such assessments on the inhabitants of the town of Beaufort, or those persons who hold taxable property therein, as shall appear to them expedient for the safety, convenience, benefit and advantage of said town. * * * And that all acts and parts of acts heretofore passed, which are inconsistent with or repugnant to this act, be and are hereby repealed." Then in 1866 (13 Stat., 511), the charter of the town having previously expired, the legislature passed "an act to renew the charter of the town of Beaufort," whereby it was declared "that the town of Beaufort be and the same is hereby reincorporated for the term of fourteen years, with all the powers and privileges heretofore granted." And in 1879 (17 Stat., 52), another act was passed, declaring: "That the original charter of the town of Beaufort, with the amendments thereto, are hereby renewed and extended for the term of fourteen years;" and this act has not yet expired.

It seems, however, that by the Revised Statutes of 1872, page 835, the act of 1850, from which a section is quoted above, was placed on the list of acts of that year which have expired, or have been or are hereby repealed; and it is contended, and was so held by the Circuit Judge, that the effect of this was to deprive the town council of the power to pass the ordinance imposing the tax in question, notwithstanding the fact that the power to impose such a tax or assessment as they might deem expedient for the welfare of the town, conferred by the 20th section of the act of 1850, had been carried into the act of 1866 as well as into the act of 1879 (neither of which have ever been repealed), by the provisions in those acts conferring all the powers theretofore granted. We cannot accept this view. It is not pretended that the act of 1866 was expressly repealed by the Revised Statutes, 1872, as it does not appear in the list of acts of that year, which are declared by the Revised Statutes, page 768, to "have expired, or have been, or are hereby, expressly repealed;" and, therefore, if repealed, it must be by implication. But as it is well settled that re-

peals by implication are not favored, and that to effect such a result the implication must be *necessary*, the question is, does the alleged repeal of the act of 1850 *necessarily* imply a repeal of the act of 1866.

As was well said by Mr. Justice McGowan, in *State* v. *Young*, 30 S. C., at page 409, in considering a similar question: "It seems to us at least doubtful whether it can be affirmed of any particular act, which appears by its title on the schedule of the General Statutes (of 1872) that it was thereby certainly repealed. The sweeping declaration is made as to the whole list without discrimination, but in the alternative, 'expired,' 'before repealed,' or 'now repealed.' Into which category could it be placed with any degree of certainty?" Now, when it is remembered that the act of 1850 related to various other corporations besides that of Beaufort, some, if not all, of which had expired and been renewed, the doubt would be increased as to whether that act was placed upon the list as an "expired" or a "repealed" statute; and when to this is added the fact that the act of 1869, providing for a revision of the statutes, expressly required that the commissioners appointed to perform the work should bring together all statutes relating to the same subject, "omitting redundant and obsolete enactments," the most natural inference would be that the legislature, in adopting the Revised Statutes, which must be presumed to know of the act of 1866, into which the provisions of the act of 1850 had been carried, regarded the last mentioned act as "redundant" and no longer necessary, as its provisions were re-enacted in the act of 1866, which was not placed amongst the list of acts which had expired, had been or were then repealed, and, therefore, still left of force, at the time of the adoption of the Revised Statutes.

There is still another view, which, though not necessary to sustain our conclusion, is not without weight. Bearing in mind that the original rule that the repeal of a repealing statute, *ipso facto*, revives the former, does not apply to repeals effected by the Revised Statutes (sec. 3, chap. 146, page 766), the practical result of the construction adopted by the Circuit Court would be to leave the corporation of Beau-

fort without any power to tax at all.   For it cannot be ques-
tioned that the 20th section of the act of 1850, when it expressly
declared that all acts and parts of acts inconsistent with or re-
pugnant thereto should be repealed, thereby repealed the act
of 1816, which was manifestly inconsistent with and repugnant
to the act of 1850, and as under the section of the Revised Sta-
tutes last above cited the repeal of the act of 1850 could not
revive the act of 1816, and as we have not been referred to any
act since that time conferring the power of taxation, the neces-
sary result would be, if the view of the Circuit Judge should
be adopted, that there is now no law conferring the power of
taxation on the corporation of Beaufort.   Now, while it is quite
true that courts cannot ordinarily concern themselves with
results, yet when the question is as to the intention of the
legislature as expressed in a statute, and one construction leads
to a result which it is not reasonable to suppose that the legis-
lature intended, and another construction leads to a more rea-
sonable result, the court should adopt the latter rather than
the former, unless the language used by the law-making power
plainly requires a different construction.

It seems to us, therefore, that the Circuit Judge erred in
holding that by the repeal of the act of 1850, the provisions of
the act of 1866, as well as those of the act of 1879, fell with it,
and consequently that there is now no law authorizing the
town council of Beaufort to impose the tax in question.

It is urged, however, that the act of 1816, in so far as it lim-
ited the rate of taxation, was not repealed by the act of 1850,
as the only effect of that act was to increase the *subjects*
of taxation, leaving the rate the same as that limited by
the act of 1816.   We do not think that the language of
the act of 1850 can be properly so construed.   The words are
that said town council "shall have power to make such assess-
ments" on the taxable property in the town, "as shall appear
to them expedient for the safety," &c., of said town.   In the
case of *Bank* v. *City Council*, 3 Rich., 347, the phrase, "make
such assessments," in an act from which this act was doubtless
taken, has been construed to mean "impose such taxes," the
act under consideration may be construed as if it conferred

upon the town council the power to impose such taxes as they might deem expedient for the welfare of the town, without any specific limitation as to the amount of rate of such taxes; the only limit being the judgment of the town council as to what was necessary to secure the welfare of the town, subject, however, to the further limit imposed by section 8 of article IX. of the Constitution, that the taxes shall be for corporate purposes. *State* v. *Neely,* 30 S. C., 603.

Again, it is urged that if the act of 1850 be regarded as repealing the act of 1816, in so far as it limits the rate of taxation which may be imposed by the said town council, then it is in conflict with the Constitution, for then their powers of taxation would be unlimited; and section 9 of article IX. of the Constitution is referred to as showing that the legislature cannot confer upon a municipal corporation unlimited power of taxation. That section provides that "The General Assembly shall provide for the incorporation and organization of cities and towns, and shall restrict their powers of taxation," &c. This does not necessarily imply that a municipal corporation must be limited to a certain rate of taxation. The word "restrict" is not appropriate to such a view, but more naturally implies that the power of taxation must be restricted as to the subjects and objects of the tax imposed. But as a matter of fact, the power of taxation conferred upon the town council of Beaufort by the act of 1850 is not unlimited, for the provision is that the town council shall have power to make *such* assessments; which means, as we have seen, shall have power to impose such a rate of taxation as may in their judgment be necessary and expedient for the welfare of the town, and they have no power to go beyond that. It can scarcely be contended that the phrase, "restrict their powers of taxation," necessarily requires that the *numerical* rate of taxation shall be fixed; for if such had been the intention, the framers of the Constitution were singularly infelicitous in selecting their language to express such an idea. The case of *Foster* v. *The City of Kenosha,* 12 Wisc., 616, relied upon by respondent's counsel, seems to us rather to support the view which we have adopted.

We are of opinion, therefore, that the power of taxation

conferred by the act of 1850, having been carried into the act
of 1866, reincorporating the town of Beaufort, "with all
the powers and privileges heretofore granted," amongst
which was the power of taxation conferred by the act of
1850, which was then unquestionably unrepealed, and which,
by the act of 1879, was extended for the further period of four-
teen years, which has not yet expired, still exists, and furnished
full authority for the imposition of the tax in question, unless
it had been shown, as is not pretended, that the amount of such
tax was in excess of the sum necessary and expedient for the
good government and other corporate purposes of said town.

Counsel for respondents have, however, according to the
proper practice, given notice that if the decision below cannot
be sustained upon the ground upon which it was rested
by the Circuit Judge, he will insist, here, upon the fol-
lowing additional ground: "That the said ordinance set
out in the petition and taxes and assessments thereby imposed,
are void and illegal, for the further reason that said ordinance
attempts to exempt taxable property from taxation." It will
be observed that this additional question was not made either
in the pleadings or proofs below, and was not considered or
determined by the Circuit Judge. For while the ordinance as
set out in the petition for the writ does show by the concluding
words of its second section that "household furniture of the
value of one hundred dollars" was excepted and excluded from
the property to be taxed, yet it does not appear that the Cir-
cuit Judge was called upon to consider, and he certainly did
not consider, the effect of such exception and exclusion. On
the contrary, the case below was rested solely upon the propo-
sition that the town council had no power to impose a tax upon
the real estate of the relators at a rate exceeding one-fourth of
one per cent. of the value thereof.

Under these circumstances it is very doubtful, to say the
least of it, whether the respondents are in a condition to make
this additional question here. For while it is quite true, as
shown by the authorities cited by counsel for respondents, that
this court, in reviewing a case upon appeal, may sustain a
judgment below for other reasons than those given by the Cir-

cuit Judge, yet it seems to us to be a different matter when this court is asked to render an original judgment upon a question not made in the court below. In this case the Circuit Judge was called upon to render judgment upon a single question, and the office of an appeal is to review that judgment, and the only question here is not whether the reasons given for such judgment are sound, but whether the judgment itself is correct. But here the proposition is that this court shall render judgment upon a totally different question, which, so far as we can see, is in no wise connected with or dependent upon the question considered and determined by the Circuit Judge. But as counsel for respondents may contend, and has with some plausibility contended, that the real question in the case was whether the ordinance imposing the tax in question was valid, it may be assailed as void for *any* reason; and as the additional question has been fully argued here, we will not decline to consider it in this case, although we do not design to have this regarded as a precedent for any future case.

To state this additional question in a practical form: Does the fact that, in the ordinance imposing the tax in question, there is a provision that one hundred dollars worth of household furniture shall be excepted and excluded from the property upon which the tax is laid, render the entire ordinance void? The affirmative of this question rests upon the provisions of the last sentence in section 8, article IX., of the Constitution, which reads as follows: "And the General Assembly shall require that all the property, except that heretofore exempted, within the limits of municipal corporations, shall be taxed for the payment of debts contracted under the authority of law." It will be observed that the language is *not* that all property, except that previously exempted, shall be taxed, but shall be taxed *"for the payment of debts."* Now as municipal corporations usually have no means of raising money except by taxation, and as there might be danger that municipal corporations might contract debts, and then attempt to evade the payment thereof by exempting property from taxation (an apprehension which subsequent events has fully justified), it may be, and probably was, the object of this pro-

vision to prevent such evasion, by requiring all property to be taxed *for the payment of debts,* but not for any other purpose. But be this as it may, we do not think that it necessarily follows that the trifling exemption above mentioned necessarily invalidates the whole ordinance. While the exemption may be illegal, and may be declared in a proper case made for that purpose, we see no reason why such illegal exemption should invalidate so much of the ordinance as is valid, unless, perhaps, in a case where it is shown that, by reason of such exemption, the taxes on the property not exempted has been increased; and in this case there is no such showing, either by allegation or proof. Unless this was shown, the relators are not entitled to the relief claimed; for even granting that the town council of Beaufort have been guilty of an illegal act, the relators are not entitled to invoke relief from an act which, so far as appears, has done them no injury.

The judgment of this court is, that the judgment of the Circuit Court be reversed and that the petition be dismissed.